# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **N.H.**

**No. 24-35** (Roane County CC-44-2023-JA-34)

## MEMORANDUM DECISION

Petitioner Father J.H.[1] appeals the Circuit Court of Roane County's December 19, 2023, order terminating his parental rights to the child N.H., arguing that the circuit court erred by adjudicating him as an abusing parent.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In March 2023, the DHS filed a petition alleging that the petitioner sexually abused the child based upon her disclosures to school personnel. Shortly after, the then-nine-year-old child participated in a Child Advocacy Center interview and testified in camera; however, the child did not disclose any sexual abuse therein. In August 2023, the DHS amended its petition to allege that the petitioner lacked basic parenting skills and, thus, neglected the child by failing to supply the child with necessary food, clothing, shelter, supervision, or medical care, as evidenced by the child's behavior, poor hygiene, and lack of counseling or therapy to address the traumatic loss of her mother and unborn sibling.

In September 2023, the court held an adjudicatory hearing at which the petitioner stipulated to lacking basic parenting skills which resulted in his inability to maintain the child's hygiene, provide appropriate medical care, and obtain appropriate mental health care. However, the

---

[1] The petitioner appears by counsel Craig Mills. The West Virginia Department of Human Services appears by counsel Attorney General John B. McCuskey and Assistant Attorney General James Wegman. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Counsel Tanya Hunt Handley appears as the child's guardian ad litem ("guardian").

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

petitioner denied sexually abusing the child, so the court proceeded to a contested adjudication as to that allegation. The child's school counselor testified that the child engaged in fecal smearing in the school bathroom and when questioned as to why, the child disclosed that her father touched her private area with an object and with his private area. The child further disclosed to the counselor that these incidents occurred in the bath, on the couch, and on the bed and that her father would also punch and kick her private areas. The witness also testified that in her past interactions with the child, the child repeatedly stated that she did not want to talk about what happened at home. Next, the child's foster parent expressed concern over the child having been sexually abused because the child did not have or wear underwear and was struggling with bathroom hygiene. The petitioner then testified that he could not explain why the child made allegations of sexual abuse and that she may have made the allegations due to things she saw on social media. Notably, the petitioner testified that, since the child was six years old, when he gave her a bath, he would leave the room and have her lock the door from the inside. When questioned about this practice by the court, the petitioner said, "I'm not allowed to be in there with a six-year-old girl. I'm not that stupid." In the following order, the court adjudicated the petitioner of sexually abusing and neglecting the child, specifically noting that the petitioner's testimony as to his bathing procedure of the child was not credible but the testimony of the child's school counselor and foster parent was credible.

As the petitioner does not challenge the termination of his parental rights, it is sufficient to note that after a dispositional hearing in December 2023, the court terminated the petitioner's parental rights. It is from this order that the petitioner appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner contends that the circuit court erred by adjudicating him of sexually abusing the child in the absence of clear and convincing evidence, but his argument is premised entirely on witness credibility. Specifically, the petitioner attacks the court's reliance upon certain witness testimony and asserts that other evidence indicates that the petitioner did not abuse the child. The petitioner correctly asserts that the court's adjudicatory findings "must be based upon conditions existing at the time of the filing of the petition and proven by clear and convincing evidence." W. Va. Code § 49-4-601(i). However, "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997). The court made specific credibility determinations in its adjudicatory order, and the petitioner asks this Court to second guess those explicit determinations. We decline to do so. Further, we find that the evidence upon which the circuit court relied satisfies the clear and convincing standard necessary for adjudication. This includes extensive testimony from the child's counselor about specific, detailed disclosures from the child concerning the petitioner's sexual abuse and evidence from the foster parent regarding the child's behaviors. As we have explained, the clear and convincing standard is "intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases."

---

[3] The child's mother is deceased. The permanency plan for the child is guardianship with a relative.

*Cramer v. W. Va. Dep't of Highways*, 180 W. Va. 97, 99 n.1, 375 S.E.2d 568, 570 n.1 (1988). Furthermore, "[West Virginia Code § 49-4-601(i)], requires the [DHS] . . . to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence].' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHS] is obligated to meet this burden." Syl. Pt. 1, *In Interest of S.C.*, 168 W. Va. 366, 284 S.E.2d 867 (1981). The evidence upon which the court adjudicated the petitioner meets this burden; thus, the petitioner is entitled to no relief.[4]

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 19, 2023, order is hereby affirmed.

Affirmed.


**ISSUED**: January 29, 2025


**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV

---

[4] The petitioner briefly argues that the circuit court erroneously proceeded to disposition without first receiving the guardian's report as required by Rule 18a of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings. However, "'[o]ur general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009). The petitioner fails to include a citation to the appendix record identifying where he raised this issue below. As such, the petitioner is entitled to no relief.

3